Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Hope Renee Gilmore |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse, if filing) First Name | Middle Name     Last Name |
| United States Bankruptcy Court for the: | Southern ▼ District of Mississippi ▼ |
| | (State) |
| Case number (If known) | 26-50842 |

## Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**

Regional Acceptance Corporation

Name of the creditor

**2. How much is the debt?**

On the date that the bankruptcy case is filed  $ 38,752.71

To be paid under the reaffirmation agreement  $ 38,752.71

$ 874.34 per month for 64 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**

Before the bankruptcy case was filed  17.2 %

Under the reaffirmation agreement  17.2 %  ☑ Fixed rate
☐ Adjustable rate

**4. Does collateral secure the debt?**

☐ No
☑ Yes.  Describe the collateral.  2024 Toyota CAMRY

Current market value  $ N/A

**5. Does the creditor assert that the debt is nondischargeable?**

☑ No
☐ Yes.  Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

Income and expenses reported on Schedules I and J

6a. Combined monthly income from line 12 of Schedule I  $ 3,610.25

6b. Monthly expenses from line 22c of Schedule J  $ 3,606.18

6c. Monthly payments on all reaffirmed debts not listed on Schedule J  – $ 0

6d. Scheduled net monthly income  $ 4.07
Subtract lines 6b and 6c from 6a.
If the total is less than 0, put the number in brackets.

Income and expenses stated on the reaffirmation agreement

6e. Monthly income from all sources after payroll deductions  $ 3,610.25

6f. Monthly expenses  – $ 3,606.18

6g. Monthly payments on all reaffirmed debts not included in monthly expenses  – $ 0

6h. Present net monthly income  $ 4.07
Subtract lines 6f and 6g from 6e.
If the total is less than 0, put the number in brackets.

Form 2400A (12/15)

Check one.
☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
*See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check*

# UNITED STATES BANKRUPTCY COURT

Southern ▾ **District of** Mississippi ▾

In re Hope Renee Gilmore
_____ ,
*Debtor*

Case No. ___26-50842___

Chapter ___7___

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** ___Regional Acceptance Corporation___

☐ Check this box if Creditor is a Credit Union

## PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: ___Auto Loan___

*For example, auto loan*

B. *AMOUNT REAFFIRMED*: $ ___38,752.71___

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before June 5, 2026 , which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V.C below.*

C. The *ANNUAL PERCENTAGE RATE* applicable to the Amount Reaffirmed is ___17.2___ %.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)* ☑ Fixed rate ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Debtor 1 __Hope Renee Gilmore__
First Name   Middle Name   Last Name

Case Number *(if known)* __26-50842__

| | | |
|---|---|---|
| 7. | **Are the income amounts on lines 6a and 6e different?** | ☒ No<br>☐ Yes.   Explain why they are different and complete line 10._____<br><br>_____ |
| 8. | **Are the expense amounts on lines 6b and 6f different?** | ☒ No<br>☐ Yes.   Explain why they are different and complete line 10._____<br><br>_____ |
| 9. | **Is the net monthly income in line 6h less than 0?** | ☒ No<br>☐ Yes.   A presumption of hardship arises (unless the creditor is a credit union).<br>Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.<br><br>_____<br><br>_____ |
| 10. | **Debtor's certification about lines 7-9**<br><br>If any answer on lines 7-9 is *Yes,* the debtor must sign here.<br><br>If all the answers on lines 7-9 are *No,* go to line 11. | I certify that each explanation on lines 7-9 is true and correct.<br><br>✗ _____      ✗ _____<br>    Signature of Debtor 1                              Signature of Debtor 2 (Spouse Only in a Joint Case) |
| 11. | **Did an attorney represent the debtor in negotiating the reaffirmation agreement?** | ☐ No<br>☒ Yes.  Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>        ☐ No<br>        ☒ Yes |

---

**Part 2:   Sign Here**

**Whoever fills out this form must sign here.**

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement.*

✗ __/s/Domineshia Darden_____      Date __07/21/2026__
    Signature                                                                              MM / DD / YYYY

__Domineshia Darden_____
Printed Name

Check one:

☐   Debtor or Debtor's Attorney

☑   Creditor or Creditor's Attorney

---

Official Form 427            **Cover Sheet for Reaffirmation Agreement**            page 2

C. If your answer to EITHER question A. or B. above is "No" complete 1. and 2. below.

1. Your present monthly income and expenses are:

    a. Monthly income from all sources after payroll deductions
    (take-home pay plus any other income)                          $  3,610.25

    b. Monthly expenses (including all reaffirmed debts except
    this one)                                                      $  2,731.84

    c. Amount available to pay this reaffirmed debt (subtract b. from a.)   $   878.41

    d. Amount of monthly payment required for this reaffirmed debt   $   874.34

*If the monthly payment on this reaffirmed debt (line d.) is **greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

    2. You believe this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

    Check one of the two statements below, if applicable:

    ☒ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

    ☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

    _____
    _____

    Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

    ☐ You believe this reaffirmation agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☑ $ __874.34__ per month for ____64____ months starting on 06/13/2026 _____.

☐ Describe repayment terms, including whether future payment amount(s) may be different from the initially payment amount. This is a simple interest loan. Continuing payments will be the same amount. However, the final payment may be more or less than the normal monthly payment amount depending on the timeliness of future payments paid.

E. Describe the collateral, if any, securing the debt:

Description: 2024 Toyota CAMRY
Current Market Value $ _____N/A_____ NADA Clean Retail Value

F. Did the debt that is being reaffirming arise from the purchase of the collateral described above?

☑ Yes  What was the purchase price for the collateral?  $ __39,736.70__

☐ No  What was the amount of the original loan?  $ _____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 38,752.71 | $ 38,752.71 |
| Annual Percentage Rate | 17.2 % | 17.2 % |
| Monthly Payment | $ 874.34 | $ 874.34 |

H. ☐  Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit: _____

## PART II.  DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.  ☒ Yes  ☐ No

B. Is the creditor a credit union?

Check one.  ☐ Yes  ☑ No

Form 2400A, Reaffirmation Documents                                    Page 4

---

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1)    I agree to reaffirm the debt described above.

(2)    Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3)    The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4)    I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5)    I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S)  (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date _9/13/26_     Signature _____
                                                  *Debtor*

Date _____     Signature _____
                                                  *Joint Debtor, if any*


**Reaffirmation Agreement Terms Accepted by Creditor**:

Creditor _Regional Acceptance Corporation_     _PO Box 1847 Wilson, NC 27894-1847_
                 *Print Name*                                          *Address*

_Domineshia Darden_                _/s/Domineshia Darden_      07/21/2026
*Print Name of Representative*              *Signature*              *Date*


## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

❏ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _7/13/26_ Signature of Debtor's Attorney_____

                 Print Name of Debtor's Attorney  _Thomas Carl Rollins, Jr_

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

**A.     DISCLOSURE STATEMENT**

1.  **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.  **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.  **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.  **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5.  **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

Form 2400A, Reaffirmation Documents                                                     Page 6

6.  **When will this reaffirmation agreement be effective?**

   a.  **If you** *were* **represented by an attorney during the negotiation of your Reaffirmation Agreement and**

   i.  **if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

   ii.  **if the creditor is a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court.

   b.  **If you** *were not* **represented by an attorney during the negotiation of your Reaffirmation Agreement,** the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7.  **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B.  **INSTRUCTIONS**

1.  Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2.  Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3.  If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4.  You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5.  *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form 2400B to do this.

Form 2400A, Reaffirmation Documents                                       Page 7

## C.   DEFINITIONS

1.   **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part 1, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2.   **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3.   **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

B2400B (Form B2400B) (12/15)

# UNITED STATES BANKRUPTCY COURT
Southern ☑ **District of** Mississippi   ☑

Hope Renee Gilmore

In re _____,          Case No._____26-50842_____

*Debtor*

Chapter_____7_____

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because *(provide any additional relevant reasons the court should consider)*:



Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B2400A, Reaffirmation Documents)


Signed:_____
*(Debtor)*


_____
*(Joint Debtor, if any)*

Date:   _____

B2400C ALT (Form 2400C ALT) (12/15)

# United States Bankruptcy Court

Southern ▼ District of Mississippi ▼

Hope Renee Gilmore

In re _____,    Case No. _____26-50842_____
            Debtor                 Chapter _____7_____

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) Hope Renee Gilmore _____ has (have) filed a motion for approval of
            (Name(s) of debtor(s))
the reaffirmation agreement dated _____ made between the debtor(s) and
                        (Date of agreement)
Regional Acceptance Corporation . The court held the hearing required by 11 U.S.C. § 524(d)
    (Name of creditor)
on notice to the debtor(s) and the creditor on _____.
                                    (Date)

COURT ORDER:    ☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A)
                and approves the reaffirmation agreement described above as not
                imposing an undue hardship on the debtor(s) or a dependent of the
                debtor(s) and as being in the best interest of the debtor(s).

                ☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8)
                and approves the reaffirmation agreement described above.

                ☐ The court does not disapprove the reaffirmation agreement under
                11 U.S.C. § 524(m).

                ☐ The court disapproves the reaffirmation agreement under
                11 U.S.C. § 524(m).

                ☐ The court does not approve the reaffirmation agreement.

                        BY THE COURT

Date: _____          _____
                                *United States Bankruptcy Judge*

## LAW 553-MS-ARB-eps 8/21

### RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| HOPE R GILMORE 11418 MAGNOLIA ESTATE LANE GULFPORT, MS 39503 HARRISON | WILLIAM S GILMORE 11418 MAGNOLIA ESTATE LANE GULFPORT, MS 39503 HARRISON | J. ALLEN TOYOTA 11397 Helen Richards Dr Gulfport, MS 39503 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| NEW | 2024 | TOYOTA CAMRY | 4T1G11AK1RU214451 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ _____ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $1,000.00 is |
|---|---|---|---|---|
| 17.20 % | $ 25,838.80 | $ 39,736.70 | $ 65,575.50 | $ 66,575.50 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | $ 874.34 | MONTHLY beginning 01/13/2024 |
| N/A | $ N/A | N/A |
| | | N/A |

**Late Charge.** If a payment is not received in full within __10__ days after it is due, you will pay a late charge of __5__ % of the part of the payment that is late with a maximum charge of $ __5.00__ , unless the vehicle is a commercial vehicle. For a commercial vehicle, if payment is not received in full within __15__ days after it is due, you will pay a late charge of __4__ % of the part of the payment that is late with a minimum charge of $ __5.00__ and a maximum charge of $ __50.00__ .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale. **Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

☐ **VENDOR'S SINGLE INTEREST INSURANCE** (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $ __N/A__ and is** also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __75__ Mos.

GS ADMINISTRATORS GAP
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____  Co-Buyer Signs X _____

Buyer Signs X _____  Co-Buyer Signs X _____

LAW 553-MS-ARB-eps 8/21 v1  Page 1 of 5

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (including $ 1,653.70 sales tax)  —  $ 34,328.70 (1)

2. Total Downpayment =

Trade-in N/A
(Year)    (Make)    (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | N/A |
| Less Pay Off Made By Seller to N/A | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | 1,000.00 |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |

(If total downpayment is negative, enter "0" and see 4J below)  —  $ 1,000.00 (2)

3. Unpaid Balance of Cash Price (1 minus 2)  —  $ 33,328.70 (3)

4. Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies.

| | | |
|---|---|---|
| Life | $ | N/A |
| Disability | $ | N/A |

$ N/A

| | | |
|---|---|---|
| B | Vendor's Single Interest Insurance Paid to Insurance Company | $ N/A |
| C | Other Optional Insurance Paid to Insurance Company or Companies | $ N/A |
| D | Optional Gap Contract | $ 1,050.00 |

E. Official Fees Paid to Government Agencies

| | | |
|---|---|---|
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |

| | | |
|---|---|---|
| F | Government Taxes Not Included in Cash Price | $ N/A |
| G | Government License and/or Registration Fees N/A N/A | $ N/A |
| H | Government Certificate of Title Fees | $ 10.00 |
| I | Document/Service Fee | $ 399.00 |

A DOCUMENT/SERVICE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW, HOWEVER, IT MAY BE CHARGED TO A BUYER/LESSEE FOR THE PREPARATION, HANDLING AND PROCESSING OF DOCUMENTS AND THE PERFORMANCE OF SERVICES RELATED TO THE SALE OR LEASE OF A MOTOR VEHICLE AND MAY INCLUDE DEALER PROFIT. THIS NOTICE IS REQUIRED BY REGULATION OF THE MISSISSIPPI MOTOR VEHICLE COMMISSION.

J. Other Charges (Seller must identify who is paid and describe purpose)

| to | for | $ |
|---|---|---|
| to N/A | for Prior Credit or Lease Balance | $ N/A |
| to GSFS TOYOTA EXTRA CA | for SERVICE CONTRACT | $ 3,950.00 |
| to GSFS AUTO CARE (R/L) | for MAINTENANCE | $ 999.00 |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf  —  $ 6,408.00 (4)

5. Amount Financed - Principal Balance (3 + 4)  —  $ 39,736.70 (5)

6. Finance Charge  —  $ 25,838.80 (6)

7. Total of Payments - Time Balance (5 + 6)  —  $ 65,575.50 (7)

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A , Year N/A . SELLER'S INITIALS N/A

**Returned Check Charge:** You agree to pay us the actual charges assessed by a financial institution up to $ 15.00 , if any check you give us is dishonored for insufficient funds.

Buyer Signs X _[signature]_          Co-Buyer Signs X _[signature]_

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

### Optional Credit Insurance

☐ Credit Life:    ☐ Buyer ☐ Co-Buyer    ☐ Both

☐ Credit Disability:    ☐ Buyer ☐ Co-Buyer    ☐ Both

Premium:

Credit Life $ N/A

Credit Disability $ N/A

Insurance Company Name N/A
N/A

Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

| ☐ N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ N/A

Insurance Company Name N/A
N/A

Home Office Address N/A
N/A

| ☐ N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ N/A

Insurance Company Name N/A
N/A

Home Office Address N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

X N/A          N/A
Buyer Signature          Date

X N/A          N/A
Co-Buyer Signature          Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**

## OTHER IMPORTANT AGREEMENTS

### 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

### 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law allows.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to your right to redeem the vehicle described below. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's fee and court costs as the law allows. The attorney's fee will not exceed 15% of the amount you owe.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem) by paying all payments that are past due when you redeem, any late charges, and any expenses we incurred related to retaking the vehicle, holding it, and preparing it for sale. After you redeem, you must make the remaining payments under this contract. Your right to redeem ends when we sell the vehicle.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

Buyer Signs X  _____ Co-Buyer Signs X _____

LAW 553-MS-ARB-eps 8/21 v1   Page 3 of 5

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **SERVICING AND COLLECTION CONTACTS**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

5. **APPLICABLE LAW**
   Federal law and the law of Mississippi apply to this contract.

---

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Buyer Signs X _____ Co-Buyer Signs X _____ *LAW 553-MS-ARB-eps 8/21 v1* Page 4 of 5

## NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs **X** _____   Co-Buyer Signs **X** _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See the rest of this contract for other important agreements. Any dispute resolution agreement you sign with us or an assignee of this contract will apply to claims related to this contract.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract you sign.**

You agree to the terms of this contract and any dispute resolution agreement you signed with this contract. You confirm that before you signed this contract and any dispute resolution agreement, we gave them to you, and you were free to take them and review them. You acknowledge that you have read all pages of this contract, including the arbitration provision on page 4, before signing below. You confirm that you received a completely filled-in copy of these documents when you signed them.

Buyer Signs **X** _____ Date _11/29/2023_ Co-Buyer Signs **X** _____ Date _11/29/2023_

Buyer Printed Name _HOPE R GILMORE_    Co-Buyer Printed Name _WILLIAM S GILMORE_

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name _N/A_ _____ Title _N/A_

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X** _N/A_ _____ Address _N/A_ _____

Seller signs _J. ALLEN TOYOTA_ _____ Date _11/29/2023_ By **X** _____ Title _F&I MNGR_

---

Seller assigns its interest in this contract to REGIONAL ACCEPTANCE CORP    (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse    ☒ Assigned without recourse    ☐ Assigned with limited recourse

Seller _J. ALLEN TOYOTA_

By **X** _____    Title **F&I MANAGER**

**LAW** FORM NO. 553-MS-ARB-eps (REV. 8/21)
©2021 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

# CERTIFICATE OF TITLE

Form # 79 001

## STATE OF MISSISSIPPI — ORIGINAL

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E G UNIT #) |
|---|---|---|---|---|---|---|
| 4T1G11AK1RU214451 | TOYT | 2024 | CAMRY | SD | MS1282651392 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 12/27/2023 | 11/29/2023 | 4 | NEW | PC | 5 |

ACTUAL

**OWNER(S)**

GILMORE, HOPE OR WILLIAM
11418 MAGNOLIA ESTATES LN
GULFPORT MS 39503-8164

**BRANDS**

**BENEFICIARY**

**1ST LIENHOLDER**

REGIONAL ACCEPTANCE CORP
P O BOX 277760
SACRAMENTO CA 95827

DATE 11/29/2023

**2ND LIENHOLDER**

DATE

**MAIL TO**

M248 2

REGIONAL ACCEPTANCE CORP
P O BOX 277760
SACRAMENTO  CA 95827

LIEN SATISFACTION  THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF

**1ST LIEN** _____ **BY** _____
(LIENHOLDER)  (SIGNATURE AND TITLE)

**THIS** _____ **DAY OF** _____ **20** _____

**2ND LIEN** _____ **BY** _____
(LIENHOLDER)  (SIGNATURE AND TITLE)

**THIS** _____ **DAY OF** _____ **20** _____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

**THE 27TH** DAY OF **DECEMBER** **20 23**

The Mississippi Department of Revenue hereby certifies that on application duly made  the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue  This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63 21 1  Mississippi Code of 1972  and subject to the provisions thereof

CONTROL NUMBER

MISSISSIPPI DEPARTMENT OF REVENUE

**VOID IF ALTERED**

**\*\*\*NOTICE  ANY ALTERATION OR ERASURE VOIDS THE ASSIGNMENT AND ALL ASSIGNMENTS THAT FOLLOW\*\*\***

Federal and State Law requires that you state the mileage in connection with the transfer of ownership  Failure to complete  or providing a false statement  may result in fines and/or imprisonment

## ASSIGNMENT OF TITLE BY REGISTERED OWNER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address  with warranty to be free of all encumbrances except as shown at bottom of page

Name_____  Address _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked

**CAUTION  READ CAREFULLY BEFORE YOU CHECK A BLOCK**

☐ 1  The mileage stated is in excess of its mechanical limits

☐ 2  The odometer reading is not the actual mileage
WARNING   ODOMETER DISCREPANCY

_____
ODOMETER READING (No Tenths)

**SELLER**
Signature(s) _____ Printed Name(s) _____  Date of Sale _____

I am aware of the above odometer certification made by seller

**BUYER**
Signature(s) _____ Printed Name(s) _____

## FIRST RE-ASSIGNMENT BY LICENSED DEALER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address  with warranty to be free of all encumbrances except as shown at bottom of page

Name_____  Address _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked

**CAUTION  READ CAREFULLY BEFORE YOU CHECK A BLOCK**

☐ 1  The mileage stated is in excess of its mechanical limits

☐ 2  The odometer reading is not the actual mileage
WARNING   ODOMETER DISCREPANCY

_____
ODOMETER READING (No Tenths)

**DEALER OR AGENT**
Signature(s) _____ Printed Firm Name _____  Date of Sale _____

I am aware of the above odometer certification made by seller

**BUYER**
Signature(s) _____ Printed Name(s) _____

## SECOND RE-ASSIGNMENT BY LICENSED DEALER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address  with warranty to be free of all encumbrances except as shown at bottom of page

Name_____  Address _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked

**CAUTION  READ CAREFULLY BEFORE YOU CHECK A BLOCK**

☐ 1  The mileage stated is in excess of its mechanical limits

☐ 2  The odometer reading is not the actual mileage
WARNING   ODOMETER DISCREPANCY

_____
ODOMETER READING (No Tenths)

**DEALER OR AGENT**
Signature(s) _____ Printed Firm Name _____  Date of Sale _____

I am aware of the above odometer certification made by seller

**BUYER**
Signature(s) _____ Printed Name(s) _____

## THIRD RE-ASSIGNMENT BY LICENSED DEALER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address  with warranty to be free of all encumbrances except as shown at bottom of page

Name_____  Address _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked

**CAUTION  READ CAREFULLY BEFORE YOU CHECK A BLOCK**

☐ 1  The mileage stated is in excess of its mechanical limits

☐ 2  The odometer reading is not the actual mileage
WARNING   ODOMETER DISCREPANCY

_____
ODOMETER READING (No Tenths)

**DEALER OR AGENT**
Signature(s) _____ Printed Firm Name _____  Date of Sale _____

I am aware of the above odometer certification made by seller

**BUYER**
Signature(s) _____ Printed Name(s) _____

## LIENHOLDER TO BE SHOWN ON NEW TITLE

Lien in favor of _____

whose address is _____

**SCRAPPED  DISMANTLED  OR DESTROYED VEHICLE**  This is to be filled in by Vehicle Owner  Certificate of Title must be mailed or delivered to the Mississippi Department of Revenue  I/we hereby warrant that the Vehicle described on the reverse side of this Certificate was scrapped  dismantled  or destroyed on _____ 20 ____

Owner's Signature _____